**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CATHERINE SKILES,

        Plaintiff,

        v.                                Case No. 06-4040-JAR

COUNTY OF RAWLINS, a Political
Subdivision of The State of Kansas;
DAWNA VAP, DERIK VAP, JOHN
TIMM, BLAKE GINTHER, and
MYRON WITHINGTON,

        Defendants.

_____

**ORDER**

This matter comes before the court upon plaintiff Catherine Skiles' Motion for Service by Publication (Doc. 13) and plaintiff's Request for Expedited Hearing (Doc. 16). Specifically, plaintiff moves to serve defendants John Timm, Blake Ginther, and Myron Withington by publication.[1] Additionally, plaintiff moves the court to "expedite" the Telephone Scheduling Conference in this case that is currently set for August 14, 2006, at 1:30 p.m to an earlier date. Upon reviewing plaintiff's motions, the court finds that responses are not necessary and is prepared to rule.

**I.**        **Plaintiff's Motion for Service by Publication (Doc. 13).**

---

[1]In her Motion for Service by Publication (Doc. 13), plaintiff additionally seeks to serve defendants Dawna and Derik Vap by publication. However, plaintiff's counsel subsequently informed the court via e-mail that plaintiff has settled her dispute as to these individuals and therefore no longer seek to serve these individuals by publication.

Plaintiff's complaint seeks recovery of monetary damages in this diversity action based upon the alleged negligent conduct of the defendants arising out of a motor vehicle accident on April 17, 2004, in Rawlins County, Kansas, that resulted in injuries to plaintiff.  Plaintiff moves to serve her summons and complaint upon defendants John Tim, Blake Ginther, and Myron Withington by publication, contending that "service through customary means cannot be effectuated."[2]

Service by publication under Kansas state law  is governed by K.S.A. §60-307 which provides that:

> Service may be made by publication in any of the following cases:
>
> (1) In actions to obtain a divorce, maintenance or an annulment of the contract of marriage if the defendant resides out of the state or if the party with due diligence is unable to make service of summons upon the defendant within the state.
>
> (2) In actions brought against a person who is a nonresident of the state or a foreign corporation having in this state property or debts owing to the person sought to be taken by any of provisional remedies or to be appropriated in any way.
>
> (3) In actions which relate to or the subject of which is real or personal property in this state, if any defendant has or claims a lien or interest, vested or contingent, in the property, or the relief demanded consists wholly or partly in excluding the defendant from any interest in the property, or in actions for partition or for foreclosure of a lien, if the defendant is a nonresident of the state or a foreign corporation or if the party with due diligence is unable to make service of summons upon the defendant within the state.
>
> (4) In all actions in which the defendant, being a resident of this state, has departed from this state or from the county of the defendant's residence, with the intent to delay or defraud creditors or to avoid the service of a summons, or hides in the state or county with that intent, or in an action against a domestic corporation which has not been legally dissolved, if the officers thereof have

---

[2]Plaintiff's Motion for Service by Publication (Doc. 13) at 1.  *See also* plaintiff's Index of Exhibits to her motion (Doc. 14).

 departed from the state or cannot be found.

(5) In any of the actions mentioned in this subsection, publication service may be had on any of the following who are made defendants as such: The unknown heirs, executors, administrators, devisees, trustees, creditors and assigns of any deceased defendants; the unknown spouses of any defendants; the unknown officers, successors, trustees, creditors and assigns of any defendants that are existing, dissolved or dormant corporations; the unknown executors, administrators, devisees, trustees, creditors, successors and assigns of any defendants that are or were partners or in partnership; the unknown guardians, conservators and trustees of any defendants that are minors or are under any legal disability; and the unknown heirs, executors, administrators, devisees, trustees, creditors and assigns of any person alleged to be deceased.

(b) Construction and effect. The process provisions of this section shall be construed as separate and permissive methods of obtaining service. If the defendant served in accordance with this section does not appear, judgment may be rendered affecting the property, res or status within the jurisdiction of the court as to the defendant, but the service shall not warrant a personal judgment against the defendant.

(c) Affidavit for service by publication. Before service by publication as provided in this section can be made, one of the parties or the party's attorney shall file an affidavit stating any of the following facts that are applicable:

(1) The residences of all named defendants sought to be served, if known, and the names of all defendants whose residences are unknown after reasonable effort to ascertain the same.

(2) The affiant has made a reasonable but unsuccessful effort to ascertain the names and residences of any defendants sought to be served as unknown parties in accordance with subsection (a)(5).

(3) The party seeking service by publication is unable to procure service of summons on the defendants in this state.

(4) The case is one of those mentioned in clauses (1) through (4) of subsection (a).

The affidavit shall be deemed sufficient if in substantial compliance with the form set forth by the judicial council.

When the affidavit is filed, service may proceed by publication.

Fed R. Civ. P. 4(e) permits service of a summons and complaint upon a defendant in any

manner authorized by the state in which the federal district court sits or the state in which service is to

be accomplished.  In her motion, plaintiff fails to cite the specific subsection of K.S.A. §60-307 that

plaintiff contends is applicable under the circumstances. The court, upon reviewing plaintiff's Complaint

and Motion for Service by Publication, surmises that plaintiff is most  likely moving pursuant to K.S.A.

§60-307(4), which states that service by publication is appropriate when the defendant "has departed

from his state or from the county of the defendant's residence, with the intent...to avoid the service of a

summons, or hides in the state or county with that intent[.]" While the court finds this section to be the

most likely subsection pursuant to which plaintiff is moving, plaintiff does not assert in her motion that

plaintiff believes *defendants* have an intent to purposefully avoid service.  Furthermore, the court finds

that plaintiff has not conducted a reasonable effort to ascertain the residences of the defendants sought

to be served.  Rather, certified mail appears to be the only means through which plaintiff has thus far

attempted to serve the defendants.[3]

Furthermore, K.S.A. §60-307(b) expressly limits the effect of service by publication in Kansas

to "judgment[s]...affecting the property, *res*, or status within the jurisdiction of the court as to the

---

[3]*See Bd. of Jefferson County Comm'rs v. Adcox*, 132 P.3d 1004, 1011 (Kan. Ct. App. 2006)(citing *Bd. of Reno County Comm'rs v. Akins*, 21 P.3d 535 (Kan. 2001)) (holding that a reasonable search for a party's correct address must be done prior to service by publication or service will be improper and violate due process rights, and further holding that the effort was not reasonable when *personal* service was never attempted at a known address).

defendants, *but the service shall not warrant a personal judgment against the defendant*."[4]  The

court notes that plaintiff's action is one for personal injuries stemming from a car accident and does not

appear to be an action "affecting the property, res, or status within the jurisdiction of the court as to the

defendants."  Kansas courts, under similar circumstances, have concluded that "service by publication

is limited unless the defendant appears personally."[5]  Otherwise, no personal judgment shall be

warranted.  As a result of these factors, the court is constrained to conclude that service by publication

is inappropriate.

**II.      Plaintiff's Request for Expedited Hearing (Doc. 16).**

Plaintiff, in a separate motion, moves that the court re-schedule the Telephone Scheduling

Conference, currently set for August 14, 2006, for an earlier date.  Upon reviewing plaintiff's motion,

the court finds good cause exists to "expedite" a status conference with the parties who have been

served, and therefore shall grant in part plaintiff's motion.  Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Service by Publication (Doc.

13) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Request for Expedited Hearing (Doc. 16) is

granted in part and denied in part.  The court directs counsel for the parties to appear by telephone on

**August 2, 2006, at 10:30 a.m.** for a telephone status conference in this matter.  The court shall initiate

---

[4]K.S.A. §60-307(b)(emphasis added).

[5]*See Medina v. American Family Mut. Ins. Co.*, 29 Kan. App. 2d 805, 807 (2001); *see also Davila v. Vanderberg*, 4 Kan. App. 2d 586, 587 (1980).

the phone call.

**IT IS SO ORDERED.**

Dated this 19th day of July, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge