ams/sel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CATHERINE SKILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-4040-JAR |
| | ) | |
| COUNTY OF RAWLINS, a Political | ) | |
| Subdivision of the State of Kansas; | ) | |
| DAWNA VAP; DERIK VAP; JOHN | ) | |
| TIMM; BLAKE GINTHER; and MYRON | ) | |
| WASHINGTON, | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER GRANTING DEFENDANT RAWLINS COUNTY'S MOTION TO RECONSIDER

Plaintiff Catherine Skiles filed this diversity action against Rawlins County ("the County"), alleging that the County was negligent in its handling of an automobile accident in which she was severely injured. On January 3, 2007, the Court entered a Memorandum and Order denying the County's Motion to Dismiss (Doc. 21). Now before the Court is the County's Motion to Reconsider the Court's Memorandum and Order Denying the County's Motion to Dismiss or in the Alternative to Certify Question to the Kansas Supreme Court (Doc. 70). The motion is fully briefed and the Court is prepared to rule. Because the County has demonstrated that the RESTATEMENT (SECOND) OF TORTS § 324A is inapplicable to Officer Nickel as a matter of law, the Court grants the County's motion to reconsider but denies its alternative request to certify a question to the Kansas Supreme Court.

I.      **Background**

The following facts are alleged in the Complaint and viewed in the light most favorable to the plaintiff.  On April 17, 2004, plaintiff, along with defendants John Timm, Myron Withington, and Blake Ginther, were passengers in a vehicle driven by defendant Derik Vap.  At approximately 3:00 a.m., the vehicle was traveling eastbound on Rawlins County Road T5, north of the city limits of Atwood, when it attempted to make a left turn at County Road 23 at a high speed.  Derik Vap lost control of the vehicle and it rolled several times.  Derik then called his mother, defendant Dawna Vap, on his cellular phone and she came to the scene of the wreck and retrieved Derik and all the passengers.  She took them to her home in Atwood, Kansas.

After Dawna reported the accident, Rawlins County Dispatch contacted Officer Bruce Nickel of the Rawlins County Sheriff's Office and advised him of the call.  Although Officer Nickel did not immediately respond, he eventually telephoned Dawna, who assured him that "everything was OK."  Officer Nickel then agreed to postpone interviewing Derik so that he could complete an accident report.  He did not ask Dawna whether there were other passengers in the car, and she did not volunteer that information.  At 1:30 p.m. that day, Officer Nickel interviewed Derik.  Officer Nickel learned at this time that there were at least two others in the vehicle at the time of the accident and that Derik had been drinking alcohol before the accident.  Officer Nickel requested the names of these two passengers, but did not contact them.[1]  Neither Derik nor Dawna Vap advised Officer Nickel that plaintiff was potentially seriously injured.

Plaintiff was unconscious at the Vap house until approximately 10:00 a.m. on the morning of April 17, 2004.  At that time, Derik Vap took plaintiff back to her father's house, where she remained unconscious until approximately 6:00 p.m.  At 6:49 p.m., plaintiff was taken

---

[1]The Complaint does not specify which of the four passengers' names Derik Vap provided to Officer Nickel.

by ambulance to the hospital.  Once at the hospital, it was determined that plaintiff had suffered

a brain injury that was irreversible.  Plaintiff alleges that this injury substantially progressed in

the seventeen hours between the time of the accident and her treatment at the hospital.  With

regard to the County, plaintiff alleges that her injuries were proximately caused by Officer

Nickel's negligence in failing to respond, investigate or inquire about the possibility of other

passengers in the vehicle.

On August 4, 2005, the County filed a Motion to Dismiss (Doc. 21) based on two

arguments: (1) the County owed no duty to plaintiff; and (2) certain exceptions in the Kansas

Tort Claims Act ("KTCA") apply to plaintiff's claims against the County, rendering it immune

from suit.  The parties' briefs focused heavily on the public duty doctrine and on the issue of the

Sheriff's dispatcher's liability.

The Court denied the County's Motion to Dismiss on January 3, 2007 (Doc. 62).

The Court found that plaintiff's Complaint alleged sufficient facts which, if true, could establish

that Officer Nickel owed a duty to plaintiff.[2]  The Court recognized that, although Officer Nickel

did not owe a duty to plaintiff under the public duty doctrine, a duty may arise if he had

"undertaken, gratuitously or for consideration, to render services," which requires him to have

performed an affirmative act or some agreement, under the RESTATEMENT (SECOND) OF TORTS §

324A.   Based on the facts alleged in the Complaint, the Court found that Officer Nickel could

have performed an affirmative act that would give rise to a duty when he interviewed Derik

because, at that time, he learned that there were at least two passengers in the car at the time of

the accident.  Because Dawna had failed to inform Officer Nickel of this fact when she reported

_____

[2]The Court made clear, however, that there were not sufficient facts alleged in the Complaint to establish
that any other County employee owed a duty of care to plaintiff.

3

the accident, the Court found that it was possible that this information gave rise to an independent duty owed to the passengers of the vehicle to investigate further.  Under the strict standard to be applied on a motion to dismiss, the Court was unable to conclude that Officer Nickel could not have undertaken to render services to plaintiff.

The County has now filed a Motion to Reconsider or in the Alternative to Certify Question to the Kansas Supreme Court, asking the Court to reconsider its January 3, 2007 Memorandum and Order.  In its motion, the County much more thoroughly argues that the RESTATEMENT (SECOND) OF TORTS § 324A does not impose a duty upon Officer Nickel owed to plaintiff and that § 324A does not apply in the context of Officer Nickel's public duties.

## II.     Standard

Pursuant to Local Rule 7.3, a party may file a motion for reconsideration, yet the local rule states that "[m]otions seeking reconsideration of dispositive orders or judgments must be filed pursuant to Fed. R. Civ. P. 59 (e) or 60."[3]  Motions for reconsideration "filed within ten days of the district court's entry of judgment . . . [are] treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)."[4]  Motions filed outside the ten days specified in Rule 59(e) are examined under Rule 60(b).[5]  Because this motion was filed outside the ten day time period from the date of filing prescribed by Rule 59, the Court will construe the motion as one for relief from judgment under Rule 60(b).[6]

---

[3]D. Kan. R. 7.3(a).

[4]*Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).

[5]*United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997).

[6]*See, e.g.*, *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995).

4

Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[7]  Under Rule 60(b), the court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered; . . . (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[8]

This Court may only grant relief under Rule 60(b) in extraordinary circumstances, requiring the County to satisfy one of the six grounds set forth above.[9]  Additionally, Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court . . . because a Rule 60(b) motion is not intended to be a substitute for a direct appeal."[10]  The decision to grant relief is left to the sound discretion of the trial court.[11]

The County's motion is based on Rule 60(b)(1), that the Court misapprehended its position or the facts or applicable law.  Specifically, the County maintains that although Kansas typically follows § 324A, the Court's reliance on that section in the public duty context is misplaced.  "Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party . . . when the judge has made a substantive mistake of law or fact in the final judgment or

---

[7]*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[8]Fed. R. Civ. P. 60(b).

[9]*Hilliard v. Dist. Ct. of Comanche County*, 100 Fed. App'x 816, 818–19 (10th Cir. 2004).

[10]*Id.* at 819 (internal quotations omitted).

[11]*Mullin v. High Mountain*, 182 Fed. App'x 830, 830 (10th Cir. 2006).

order."[12]

## III.    Analysis

The County argues that Officer Nickel did not perform any affirmative act which would have given rise to a duty upon Officer Nickel owed to plaintiff.  The key fact that troubled the Court, with regard to this basis for liability, is the allegation in paragraph 9 of the Complaint that Officer Nickel interviewed Derik and, despite having learned that there were at least two other passengers in the vehicle at the time of the accident, did not further investigate the conditions of those other passengers.  The Court concluded that these facts alleged in the Complaint, when construed in the light most favorable to plaintiff, could establish that Officer Nickel took affirmative action that gave rise to an independent duty towards those passengers to investigate further.  Upon reexamination, however, the Court finds that the facts, as alleged, are not sufficient to establish that Officer Nickel owed a duty to plaintiff under § 324A of the Restatement and Kansas law.

The existence of a legal duty is a question of law to be determined by the Court.[13] Kansas has accepted the theory of liability set forth in the RESTATEMENT (SECOND) OF TORTS § 324A, which involves liability to third persons for negligent performance of an undertaking.[14] The threshold consideration for this theory of liability "is a showing that the defendant undertook, gratuitously or for consideration, to render services to another. . . . [T]he evidence

---

[12]*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 776 (10th Cir. 1996)).

[13]*See, e.g., Roe ex rel. Roe v. Dep't of SRS*, 102 P.3d 396, 403 (Kan. 2004); *Hesler v. Osawatomie State Hosp.*, 971 P.2d 1169, 1174 (Kan. 1999).

[14]*See, e.g., Glaser ex. rel. Glaser v. Emporia Unified Sch. Dist. No. 253*, 21 P.3d 573, 580 (Kan. 2001); *Schmeck v. City of Shawnee*, 651 P.2d 585 (Kan. 1982).

must show the defendant did more than act, but through affirmative action assumed an obligation or intended to render services for the benefit of another.'"[15]

An examination of the Complaint shows insufficient facts on which to premise liability based upon § 324A.  There are no facts alleged that, if true, would establish Officer Nickel undertook to render services to plaintiff, or that he assumed an obligation or intended to render services to plaintiff.  Of course, plaintiff explicitly alleges that although Officer Nickel learned that there were at least two passengers in the vehicle at the time of the wreck, he failed to further investigate.  But this information falls short of creating an affirmative duty to act.  Especially considering that plaintiff alleges that neither Derik nor Dawna advised Officer Nickel that a passenger had been injured.  In fact, when Dawna spoke to Officer Nickel, she "assured [him] that everything was okay."[16]  The Complaint fails to allege any fact that Officer Nickel became aware of through talking with either Dawna or Derik, that would have constituted an affirmative act by him that gave rise to a duty to render aid or services to plaintiff.

The only possible theory of liability under § 324A set forth in the Complaint is that because Officer Nickel undertook an investigation of the accident, he was negligent for not discovering that plaintiff had been a passenger in the car and not inquiring about whether she had suffered injuries.  Assuming the facts alleged in the Complaint are true, this theory of liability is necessarily premised on Officer Nickel's public duty to investigate; not on any independent duty he owed to plaintiff.

But even if it did create an independent duty, that duty would be defined by the extent of

---

[15]*McGee v. Chalfant*, 806 P.2d 980, 981 (Kan. 1991); *see also Glaser*, 21 P.3d at 580 (quoting *Honeycutt v. City of Wichita*, 836 P.2d 1128, 1137 (Kan. 1992)).

[16](Doc. 1 at 3 ¶ 8.)

the undertaking.[17]  A limited duty does not give rise to a duty under § 324A.[18]   The Kansas

Supreme Court has synthesized the Kansas cases imposing liability under § 324A:

> In each of the Kansas cases imposing liability under § 324A, it was clear that [the threshold] requirement was met.  In *Schmeck v. City of Shawnee,* 232 Kan. 11, 651 P.2d 585 (1982), KCPL agreed to and was hired to render traffic engineering services to the City.  In *Ingram v. Howard-Needles-Tammen & Bergendoff,* 234 Kan. 289, 672 P.2d 1083 (1983), the Kansas Turnpike Authority hired Howard-Needles as its consulting engineers to make safety inspections of the turnpike and thus render services to the KTA.  In *Cansler v. State*, 234 Kan. 554, 675 P.2d 57 (1984), there was evidence the county agreed with Kansas State Penitentiary officials and other law enforcement agencies to notify these agencies of escapes from the penitentiary.  In *Fudge v. City of Kansas City*, 239 Kan. 369, 720 P.2d 1093 (1986), the police were obligated by a general police department order to take certain incapacitated persons into custody.  Further, in the cases not finding a duty, it was clear there was no undertaking.  In *Hanna v. Heur, Johns, Neel, Rivers & Webb*, 233 Kan. 206, [662 P.2d 243 (1983),] the court found the defendant architects did not agree to be responsible for safety practices on the jobsite and took no actions indicating they assumed any such responsibility.  In *Meyers v. Grubaugh*, 242 Kan. 716, 750 P.2d 1031 (1988), the State simply allowed the intoxicated employee to leave work.  Thus, in all cases where it was found that the parties undertook to render services to another, they agreed to or were obligated to perform services for another that were accepted and thus the initial requirement of § 324A was met; and, in all cases where liability was not imposed, the defendants had no agreement and took no affirmative action that could be construed as an intentional undertaking to render services to another.[19]

Here, although it is alleged that Officer Nickel undertook to complete an investigation of the car

accident, there is no allegation that he undertook to check on the status of the passengers

---

[17]*Roe*, 102 P.3d at 404 (discussing *McGee*, 806 P.2d at 985–86).

[18]*See, e.g.*, *Beckner v. Jensen*, 24 P.3d 169, 173 (Kan. Ct. App. 2001).

[19]*Gooch v. Bethel A.M.E. Church*, 792 P.2d 993, 998 (Kan. 1990); *see also P.W. v. Dep't of SRS*, 877 P.2d 430, 435 (Kan. 1994); *Beckner*, 24 P.3d at 173.

involved.[20]  To be sure, Officer Nickel was misled about the total number of passengers in the car at the time of the accident and whether there were any injuries.  Officer Nickel may not be held liable under Kansas law because there are no facts alleged in the Complaint that would support the threshold requirement that he either took affirmative action to render services to plaintiff, or that he entered into some agreement with plaintiff.  His liability is premised entirely on his public duties, i.e. the investigation of the accident, which the Court determined in its previous Memorandum and Order is not a basis for liability under the public duty doctrine.

Because the Court determines that it should have granted the County's motion to dismiss in its entirety, it grants the County's motion to reconsider that part of its prior Memorandum and Order.  Upon reconsideration, the Court finds that the Complaint fails to allege facts sufficient to premise liability on a duty owed to plaintiff by Officer Nickel under the RESTATEMENT (SECOND) OF TORTS § 324A.  As such, the Court denies the County's alternative request to certify a question to the Kansas Supreme Court in this matter.

**IT IS THEREFORE ORDERED BY THE COURT** that the County's Motion to Reconsider or in the Alternative to Certify Question to the Kansas Supreme Court (Doc. 70) is granted in part and denied in part.  The motion to reconsider is **granted** and the motion to certify is **denied as moot**.

**IT IS SO ORDERED.**

Dated this  22nd  day of March 2007.

  S/ Julie A. Robinson

---

[20]See this Court's Memorandum and Order, Doc. 62 at 6–12, for a discussion of the public duty doctrine and how it applies in this case.  In that Memorandum and Order, the Court found that the public duty doctrine dictates that the County employees could not be liable for a failure to investigate the accident because they owed a duty to the public at large, and not an independent duty to plaintiff.

Julie A. Robinson
United States District Court

**Memorandum and Order Granting Rawlins County's Motion to Reconsider, Case No. 06-4040-JAR.**